# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| BASS PRO TRADEMARKS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-3124-CV-S-RED |
| | ) |
| CABELA'S, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

NOW before the Court are Cabela's Suggestions on the Question of Remedy (Doc. 37), Bass Pro Trademarks, L.L.C.'s Brief Addressing Appropriate Contempt Sanctions Against Defendant Cabela's, Inc. (Doc. 38), Bass Pro Trademarks, L.L.C's Reply in Support of Its Brief Addressing Appropriate Contempt Sanctions Against Defendant Cabela's, Inc. (Doc. 40), and Cabela's Reply in Support of Its Suggestions on the Question of Remedy (Doc. 41).

Defendant Cabela's has been found to be in contempt of the October 2003 Consent Judgment entered in this case. In that judgment, Defendant admitted to infringing Plaintiff's U.S. Patent 5,620,227 and was enjoined and restrained form further use of the invention. In 2005 Defendant began marketing a new product known as the EZ Chair Combo. This Court found that the EZ Chair Combo was infringing on Plaintiff's patent and the parties were directed to submit briefing on what remedy, if any, would be appropriate to address Defendant's violation. The possible remedies addressed by the parties are reasonable royalty, lost profits, and attorney's fees and costs.

### I. Reasonable Royalty

Defendant argues that Plaintiff can not meet the requirements for a recovery of lost profits, and thus a reasonable royalty is appropriate. Plaintiff argues that lost profits is the more appropriate

calculation. The applicable statute, 35 U.S.C. § 284, provides in relevant part: "Upon finding for the claimant *the court shall award the claimant damages* adequate to compensate for the infringement, *but in no event less than a reasonable royalty* for the use made of the invention by the infringer, together with interest and costs as fixed by the court." The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty. *Id.; see also Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1406 (Fed. Cir.1990) ("In patent law, the fact of infringement establishes the fact of damage because the patentee's right to exclude has been violated.") (citing 5 Chisum on Patents § 20.03[3], at 20-142 (1986)). In determining the correct calculation of a reasonable royalty, the Courts are encouraged to consider the factors set out in *Georgia-Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 116, 1112 (S.D. N.Y. 1970).

Defendants suggest a reasonable royalty of Eight Dollars ($8.00) per infringing sale is appropriate. Plaintiffs argue that no amount of royalty is appropriate in this case as lost profits establish a better remedy. As the Court finds that the standard for lost profits has been met, the Court agrees that an award of reasonable royalty is not appropriate in this case.

## II. Lost profits

To award lost profits, patent owner must prove a causal relation between the infringement and its loss of profits. *Ericsson, Inc. v. Harris Corp.*, 352 F.3d 1369, 1377 (Fed. Cir. 2003). The patentee must show a "reasonable probability that but for the infringing activity, the patentee would have made the infringer's sales." *Schockley v. Arcan, Inc.*, 248 F.3d 1349, 1362 (Fed. Cir. 2001). An inference that the patent owner lost sales equal in quantity to those actually made by the infringer is permitted if the two were the only suppliers of a unique and demanded product and the owner

2

could have met the full demand. *Water Tech. Corp. v. Calco, Ltd.*, 850 F.2d 660, 671 (Fed. Cir. 1988). The presence of acceptable noninfringing substitutes may preclude lost profit damages. *Grain Processing Corp. v. American Maize-Products Co.*, 185 F.3d 1341, 1343 (Fed. Cir. 1999). Moreover, "[t]he patentee is not obliged to negate every possibility that a purchaser might not have bought the patentee's product instead of the infringing one, or might have foregone the purchase altogether. *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1362 (Fed Cir. 1987) (citations omitted).

It is clear that there was a demand for the product at issue and that Plaintiff could have met that demand. Defendants argue there are acceptable noninfringing substitutes available and have presented the court with other examples of similar products from its own online shopping page ("Exhibit C" to Doc. 37). It appears to the Court that while there are other variations of turkey vests, none of the other products on the market have the same components and advantages that are unique to Plaintiff's vest. Moreover, it appears those purchasing the product specifically selected this type of vest over the other similar products available from Defendant. These factors give reasonable probability that the sales made by Defendant would have likely been made by Plaintiff if not for the infringement.

The Court is aware that the "determination of a damage award is not an exact science, and the amount need not be proven with unerring precision." *Id.* at 1327. Defendant has submitted that 579 pieces of infringing product have been sold. Plaintiff submits that its weighted average of its profit per-unit for each of the two variations of stadium seat turkey vests that is sells is Thirty Nine Dollars and Fifteen Cents ($39.15) per unit. These calculations equal a total lost profit of Twenty-Two Thousand, Six Hundred Sixty-Seven and Eighty-Five Cents ($22,667.85).

Moreover, Plaintiff may recover prejudgment interest. Prejudgment interest should ordinarily be awarded in patent infringement suits. *General Motors Corp. v. Devex Corp.*, 461 U.S.

648, 655-56 (1983).  Plaintiff suggests that the calculation of the interest be at the prime rate of 5.75% and run from April 6, 2005, until the date of this Order.  Defendant does not appear to oppose this calculation or the propriety of prejudgment interest if lost profits are awarded.  Thus, the lost profit calculation will be Twenty-Three Thousand, Six Hundred Sixty-Seven Dollars and Seventy One Cents ($23,667.71) including the addition of prejudgment interest.

### III.  Attorney's Fees

It is clear from the case law that an award of attorney's fees could be appropriate in this case. *Stryker Corp. v. Davol, Inc.*, 234 F.3d 1252. 1260 (Fed. Cir. 2001).  Given the history of this case in that Plaintiff went to Court to enforce its patent, Defendant agreed to a settlement that acknowledged the infringement, within a short time Defendant was again selling an infringing product, and Plaintiff was forced to litigate the subsequent violation of the consent decree, the Court finds attorney's fees are appropriate.  After carefully reviewing the itemized billing submitted by Plaintiff ("Exhibit A" to Doc. 38), the Court concludes that $21,000.00 is a sufficient amount for Defendant to pay as reasonable attorney fees and expenses.

### IV.  Conclusion

For the reasons stated above, it is hereby **ORDERED**:

(1) Defendant shall pay to Plaintiff $23,667.71 in lost profits.  This amount includes prejudgment interest.

(2) Defendant shall pay to Plaintiff $21,000.00 in attorney's fees and expenses.

**IT IS SO ORDERED.**

DATE:       January 17, 2006         */s/ Richard E. Dorr*
                                     RICHARD E. DORR, JUDGE
                                     UNITED STATES DISTRICT COURT